Crio **MANJARREZ–MEDINA,**
Petitioner,

v.

**IMMIGRATION NATURALIZATION AND SERVICES,** Respondent.

No. 01–71698.
INS No. A74–826–352.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Oct. 22, 2002.

722

UNITED STATES of America,
Plaintiff—Appellee,

v.

Carlos David GONZALEZ–BUS-
TAMANTE, Defendant—
Appellant.

No. 02–50120.
D.C. No. CR–99–02512–JSR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 23, 2002.

Before REINHARDT, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Crio Manjarrez–Medina ("Manjarrez") petitions for review of the Board of Immigration Appeals's ("BIA") order dismissing his appeal. Manjarrez's only argument to this Court is that the BIA should have administratively closed his case for "repapering" to allow him to apply for relief under a new immigration statute. We have jurisdiction under 8 U.S.C. § 1105a(a)(2), as amended by Section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act, and we deny the petition.

"An alien may request repapering" if he is "[s]tatutorily eligible for suspension of deportation under former section 244 of the Immigration and Nationality Act as of the time of application for repapering *but for the application of the stop-time rule* in section 240A(d)(1)." 65 Fed. Reg. 71273 (2000) (proposed C.F.R. § 240.81) (emphasis added). Because Manjarrez failed to establish the extreme hardship requirement of section 244 at his deportation hearing, he was not eligible for suspension of deportation regardless of the stop-time rule, and thus does not qualify for repapering.

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.